# Waitsman v. Northwestern National Insurance Company, Appellant.

*Practice, C. P.—Disputed question of fact—Acceptance of insurance contract—Question for jury.*

In an action upon an insurance contract, wherein the only question for trial was whether or not defendant had accepted the application for the insurance, and the evidence which consisted of admissions, set forth in the pleadings, and oral testimony, was conflicting, the court could neither give binding instructions for the defendant, nor direct a verdict for the plaintiff. It was the function of the jury to find the fact. The question having been properly submitted to the jury and there being no suggestion of any other reversible error, a verdict for the plaintiff will be affirmed.


Argued October 11, 1921. Appeal, No. 41, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 2781, on verdict for plaintiff in the case of Maxwell Waitsman v. Northwestern National Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.


Assumpsit to recover on a contract of insurance. Before BALDRIGE, P. J., 24th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $726 and judgment thereon. Defendant appealed.


*Errors assigned* were refusal of motions for judgment non obstante veredicto and for new trial, refusal of binding instructions for defendant, and refusal to withdraw a juror for improper remarks by counsel.

*Adolph Eichholz,* for appellant.—Counsel's remarks were improper and should have been the ground for withdrawal of a juror: Joyce v. Smith, 269 Pa. 439;

Wagner v. Hazle Township, 215 Pa. 219; Hoffman v. Berwind-White Coal Mining Co., 265 Pa. 476; Knoller v. Everett Realty Co., 59 Pa. Superior Ct. 544.

There was not sufficient evidence to establish a valid contract: Patterson v. The Benjamin Franklin Insurance Co., 81* Pa. 454; Ripka v. Mutual Fire Insurance Co., 36 Pa. Superior Ct. 517.

*Earle Hepburn,* for appellee.—Parties will not be heard on appeal to question the correctness of the submission of a case after the court has submitted it from the standpoint in which the parties tried it: Richardson v. Flower, 248 Pa. 35; Armstrong & Latta v. Phila., 249 Pa. 39; Knecht v. Knecht, 261 Pa. 410.

OPINION BY LINN, J., November 21, 1921:

Defendant appeals from judgment on a verdict for plaintiff in a suit on a contract insuring an automobile damaged by collision.

The admission in the affidavit of defense of certain allegations made in the statement left but a single issue for trial, and that was whether defendant accepted the application for insurance. Accordingly, that was the only question submitted to the jury, with the result that the only point we need now consider is: was the court right in submitting the evidence on that subject, or should binding instructions for defendant have been given?

An important part of the case consisted of the admissions in the pleadings read in evidence. Briefly stated, they were to the effect that Hertel and Company were defendant's general agents, authorized to issue policies of insurance such as plaintiff desired; that "it was the custom and practice of said agents, acting for......defendant......to distribute among brokers, blank applications for automobile insurance, which, when filled out and delivered to......and accepted by Paul Hertel and Company, constituted a binder or an agreement of in-

surance upon the motor vehicle described in said application under the same terms and conditions as the usual policy provided of the defendant company when issued and said policy when issued would take the place of said binder or agreement and date from the day of said agreement. It was the custom and practice of said Hertel and Company to reject or refuse the said application, if it did not for any reason desire to insure, in accordance with the application......" It was also admitted that plaintiff's insurance broker had been supplied by Hertel and Company with defendant's application blanks of the character described and had placed insurance with defendant in the manner specified; that an application when so accepted, constituted a binder whereby the defendant became immediately liable as though the usual policy required by such application was then delivered. Plaintiff also averred that on or about March 10, 1919, he applied to an insurance broker for insurance on his automobile and that the broker filled up one of the application blanks desiring insurance in the sum of $800, describing the automobile and specifying risks to be covered; that the broker delivered it to Hertel and Company pursuant to the above custom and that they accepted it for defendant. The automobile was damaged by collision on April 13, 1919, at which date no policy had yet been delivered. A claim for loss was made and defendant rejected it upon the ground that the company had not accepted the application.

The affidavit of defense averred "......that no application like or similar to Exhibit A was delivered to Paul Hertel and Company, on March 10, 1919, or at any other time......"; that they "never accepted any application like or similar to said Exhibit A, nor any other application, verbal or written, for any insurance in favor of the plaintiff, either on March 10, 1919, or at any other time." .

Plaintiff's broker testified the application was delivered to and accepted by Hertel and Company on March

10, 1919, and retained by them until April 14, 1919, the day after the damage was done, when it was returned by them to the broker with a refusal to pay the loss.

Notwithstanding the averment in the affidavit of defense that no application "was delivered to Hertel and Company," a witness at the time in their employ, testified that the application was presented to him and that he told the bearer that they "did not care to do business with him any longer and did not want the business at all. He immediately took the application and returned it......" Asked when this occurred, he said, "About the time the boy brought it over, the application was antedated about two or three weeks......" With the admissions referred to concerning the custom and effect of the practices involved, taken on the one hand with the evidence that the application was presented and accepted, and on the other that it was declined, it became necessary to find the fact; obviously the court could not determine it in defendant's favor by binding instructions any more than in plaintiff's favor by directing a verdict for him. It was the function of the jury to find the fact. It was found for plaintiff. As no other complaint is made of the charge, and as no other reversible error has been suggested, we overrule all the assignments.

The judgment is affirmed.